BARFIELD, Judge.
Ricky Edward Yarbrough, after pleading nolo contendere to third-degree felony grand theft[1] without reserving any issue for appellate review, appeals an order denying his post-conviction motion to vacate and set aside his sentence, on the grounds that the trial court failed to conduct a proper inquiry into the factual basis of his plea, pursuant to Fla.R.Crim.P. 3.172, and that he was incorrectly convicted of grand theft.[2] We hold that Yarbrough waived both these issues on appeal in that the matters were not properly before this court by his rule 3.850 motion. Accordingly, we affirm his conviction without prejudice to his right to bring a proper rule 3.850 motion.
SHIVERS and ZEHMER, JJ., concur.

. The state mistakenly refers to § 812.014(2)(b)(1), as the statute violated, and the trial court convicted appellant of the same. We note for the record that the proper statute violated was § 812.014(2)(c)(1), Florida Statutes (1987).

. Yarbrough argues that the trial court improperly added Florida sales tax to the market value of the stolen property for the purpose of determining the criminal penalty under the theft statute. We do not address the merits of this issue in affirming his conviction.